IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT A. LEWICKI, JOSEPH W.
LEWICKI, JR.

        Plaintiffs,

  v.

WASHINGTON COUNTY, et al.,

        Defendants.

10-cv-0547

**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER OF COURT**

On May 4, 2010, upon reviewing the Complaint (Doc. No. 1) filed on behalf of plaintiffs Robert A. Lewicki and Joseph W. Lewicki against Washington County, Pennsylvania, the Washington County Tax Claim Bureau, Francis King in his capacity as Treasurer of Washington County, and P.S. Hyosung, the individual plaintiffs assert purchased their property at a delinquent tax sale in 2000, this Court entered an Order to Show Cause Why Complaint Should Not Be Dismissed, and directed plaintiffs to file a Response to the Rule to Show Cause. The Order stated, inter alia, that it appeared "to the Court that the causes of action set forth in plaintiffs' complaint are dramatically untimely under the applicable statutes of limitations." Having received and reviewed Plaintiffs' Response to Rule to Show Cause (Doc. No. 3), it is obvious that plaintiffs' claims are precluded by Pennsylvania's governing statute of limitations, and that this action must therefore be dismissed.

The Complaint alleges that Joseph and Robert Lewicki are brothers who were the joint owners of 48.9 acres located in Canonsburg, Washington County, Pennsylvania, a family farm the brothers received from their parents. Robert Lewicki, who had suffered brain trauma and diminishment of capacity in 1996, resided at said property until 2000, but Joseph Lewicki did

not. Plaintiffs claim that defendants had actual knowledge that Robert suffered brain damage and that Joseph did not reside at the subject property when they listed it for delinquent tax sale in 2000, and sold it to defendant Hysong.

The gist of plaintiffs' Complaint is that the Lewickis' property was unlawfully sold on September 19, 2000 by the Washington County Tax Claims Bureau because the brothers had not received notice of the tax sale or an opportunity to be heard. Thus, plaintiffs assert, the property was sold in violation of the notice requirements set forth in the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, § 1 and Article VII, § 1 of the Commonwealth of Pennsylvania's Constitution because Pennsylvania's Tax Redemption laws create arbitrary and disparate classes between Counties of the First Class, Second Class and Counties of the Fourth Class, which includes Washington County.

Plaintiffs request that this Court void the 2000 tax sale, compel the return of the property to the Lewickis, and award them damages in an amount in excess of $1,000,000.

In a section 1983 case raising claims under the Constitution of the United States, the state statute of limitations for personal injury claims, which in Pennsylvania is two years, is the applicable "borrowed" statute of limitations for the federal claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74,78 (3d Cir. 1989). Even if the borrowed statute of limitations was for the most similar state claim, i.e., challenge to a tax sale, the applicable statute of limitations in Pennsylvania within which to challenge a tax sale, including on constitutional grounds such as lack of notice, is six years. 42 Pa.C.S. § 5527; *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa.Cmwlth. 2001).

The absolute "best case scenario" for the commencement of the statute of limitations is

early April 2001, by plaintiffs' own affirmative averments. In their Complaint, plaintiffs state:

> A. Hysong recorded the deed, Exhibit "15," in the Recorder of Deeds Office of Washington County, Pennsylvania on January 26, 2001. The deed was recorded without the knowledge of Robert and Joseph Lewicki that their property had been sold. ***The Lewickis did not discover that their property was sold until late March or early April of 2001 when they received a copy the Quiet Title action filed by Hysong against them in the Court of Common Pleas of Washington County.*** Hysong's Complaint to Quiet Title was filed with the Court of Common Pleas of Washington County on March 1, 2001. . . .

Complaint (Doc. No. 1), at ¶ 26A.

Thus, by plaintiffs' own averments, the latest they could have filed the Complaint within the applicable statute of limitations was early April, 2007, but it was not filed until April 28, 2010. Under these circumstances, the plaintiffs could not amend their Complaint to state a viable claim, and any attempt to do so would be futile. Because plaintiffs have failed to offer any good cause why their Complaint should not be dismissed as beyond the statute of limitations, the Court will enter the following:

AND NOW, this 1st day of June, 2010, IT IS HEREBY ORDERED that plaintiffs' Complaint be DISMISSED.

The Clerk of Court shall mark this case closed.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:  All Registered ECF Counsel and Parties

3