IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT A. LEWICKI, JOSEPH W.
LEWICKI, JR.

                                              10-cv-0547

        Plaintiffs,                        **ELECTRONICALLY FILED**

    v.

WASHINGTON COUNTY, et al.,

        Defendants.

**MEMORANDUM AND ORDER OF COURT
DENYING MOTION FOR RECONSIDERATION
PURSUANT TO F.R.C.P. 59 AND 60**

On June 1, 2010, this Court ordered that plaintiffs' Complaint be dismissed when Plaintiffs failed to offer any good cause why their Complaint should not be dismissed as beyond the statute of limitations in response to this Court's Rule to Show Cause. Plaintiffs now have filed a "Motion for Reconsideration Pursuant to F.R.C.P. 59 and 60" (Doc. No. 5) with brief in support.

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration. See *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002); *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959.962 (5th Cir. 2000). Nevertheless, motions to reconsider are treated as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgments or orders under Rule 60(b).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or [to] present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir.1999). "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Id.* (citation omitted); see also

*Glenolden Energy Co. v. Borough of Glenolden*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (finding that a motion for reconsideration is not properly grounded on request to rethink a decision the court has already made). Courts need not reconsider repetitive arguments that have already been fully examined. *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F.Supp.2d 394, 398 (E.D.Pa.2002)). In addition, a motion for reconsideration may not be used as a vehicle to assert new arguments that could have been but were not previously presented to the court. See *Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002) ("A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment."). Due to the strong interest in the finality of judgments, courts should grant motions for reconsideration sparingly. *A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F.Supp.2d 627, 662 (D.N.J.2000) (noting Rule 56(e) provides an "extraordinary remedy" that is "'to be granted sparingly'") (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J.1996)).

Whether a motion for reconsideration is governed by Rule 59(e) or Rule 60(b) will depend on the date it is filed. If it is filed within the ten day period set for Rule 59(e) motions, reconsideration will be addressed under Rule 59(e). See, e.g., *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis*, 591 F3d at 669 (citing *N. River Ins. Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Rule 60(a) provides for relief from a judgment or order based on clerical mistakes. Under Rule 60(b), the "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move far a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60.

Rule 60 motions may be made within a year after the entry of judgment. Fed.R.Civ.P. 60(c). Plaintiffs' motion for reconsideration was filed more than ten days after the Court's dispositive order , and must be treated as a Rule 60 motion.

Plaintiffs' motion for reconsideration raises no new legal or factual issues that the Court did not already consider, and moreover, offers nothing arguably falling within any of the five specific Rule 60 categories. Under the residual category, Rule 60(b)(6), relief is only available in cases evidencing "extraordinary circumstances;" since legal error can usually be corrected on appeal, legal error alone fails to justify relief under Rule 60(b)(6). *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004); *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (stating that "a Rule

60(b)(6) motion may not be used as a substitute for an appeal.")

   For all of the foregoing reasons, Plaintiffs' motion for reconsideration (Doc. No. 5) must be DENIED.

                 s/ Arthur J. Schwab
                  Arthur J. Schwab
                  United States District Judge

cc:  All Registered ECF Counsel and Parties